IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:20-MJ-311 (CFH) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **JHAJUAN SABB,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, Jhajuan Sabb, by and through counsel, Michael McGeown-Walker, hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and include sixty (60) days from the date of the order to and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b).

1)    The chronology of this case is as follows:

    a)    Date of complaint:  June 6, 2020

    b)    Date of initial appearance:  June 8, 2020

    c)    Defendant custody status: In custody since June 6, 2020

    d)    Earlier enlargements of time and exclusions under the Speedy Trial Act: none.

2)    The parties have requested the continuance based on the COVID-19 pandemic and the following facts and circumstances.

3)    The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

### COVID-19 Pandemic

4)    On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13 and June 12,  continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through August 10, 2020  because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.   Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance.  *See United States v. Correa*, 182 F.Supp.2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C.  § 3161(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and other lay witnesses.

5)    For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

## **Reasons Unrelated to the COVID-19 Pandemic**

6)      The requested continuance allows for reasonable time necessary for the effective preparation by defense counsel to review the evidence with the United States and the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint.  The Government made a pre-indictment discovery on June 25, 2020.

7)      The parties stipulate and agree that a period of 60 days beginning on and including the date on which the Court signs the requested order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.


Dated: <u>June 26, 2020</u>                                    GRANT C. JAQUITH
                                                               United States Attorney

                                                               <u>/s/ Michael Barnett</u>
                                            By:     _____
                                                               Michael Barnett
                                                               Assistant United States Attorney
                                                               Bar Roll No. 519140


                                                               <u>/s/ Michael McGeown-Walker</u>
                                                               Michael McGeown-Walker, Esq.
                                                               Attorney for Jhajuan Sabb
                                                               Bar Roll No. 520776

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:20-MJ-311 (CFH) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JHAJUAN SABB,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A.     The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.     The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice  in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1.     This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury and trial preparation involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of either or both of counsel and the witnesses.

2.     the requested continuance allows for the reasonable time necessary for the effective preparation by defense counsel to review the evidence with the United States and the defendant,

so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the Complaint.  18 U.S.C. § 3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

C.      That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and include sixty (60) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(B)(iv); the  presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses.

IT IS SO ORDERED.

Dated and entered this _____29th_____ day of June, 2020.

Christian F. Hummel
U.S. Magistrate Judge